UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.                                                          Case No. 1:21-cr-20159-JEM

EDUARDO NAVARRO,

Defendant.
_____/

## FACTUAL PROFFER IN SUPPORT OF GUILTY PLEA

The United States Attorney, in and for the Southern District of Florida, and the Department of Justice, Consumer Protection Branch (the Government), and the Defendant Eduardo Navarro agree that if this matter were to proceed to trial the Government would be able to prove the following beyond a reasonable doubt. The parties further agree that these are not all of the facts that the Government would prove if the case proceeded to trial, but are sufficient to prove the charge of conspiracy as alleged in the information in this case.

From on or about April 2014 through on or about April 2016, in Miami-Dade County, within the Southern District of Florida, and elsewhere, the Defendant, Eduardo Navarro, did willfully, that is, with the specific intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate, and agree with persons known and unknown to the United States Attorney: (1) to defraud the United States and departments and agencies thereof, namely, the United States Food and Drug Administration ("FDA"), by impairing, impeding, and obstructing by craft, trickery, deceit, and dishonest means, the FDA's lawful and legitimate function of regulating clinical trials of drugs; and (2) to commit an offense against the United States by knowingly and with intent to defraud devising, and intending to devise, a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses,

Court Exhibit #1

representations, and promises, knowing that they were false and fraudulent when made, and transmitting and causing to be transmitted, by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing the scheme, in violation of Title 18, United States Code, Section 1343.

The purpose of the conspiracy was for the Defendant and his co-conspirators to unlawfully enrich themselves by making materially false representations about clinical trials, fabricating data and the participation of subjects in those clinical trials, concealing from the FDA, sponsors, and contract research organizations the fact that the data and participation of subjects had been fabricated, and inducing sponsors and contract research organizations to pay money for the Defendant's and the co-conspirators' own benefit.

During the course of the conspiracy, the Clinical Research Company ("Company") was a medical clinic located in Miami, Florida that conducted clinical trials on behalf of pharmaceutical company sponsors. Co-Conspirator 1 (CC#1) was a licensed medical doctor who served as a clinical investigator for the Company. The Sponsor ("Sponsor") was a drug manufacturer that developed drugs for commercial distribution in the United States. The Contract Research Organization ("CRO") was an organization that hired clinical investigators and managed clinical trials for sponsors. On or about September 5, 2014, the CRO entered into a contract with the Company and CC#1 in which the Company and CC#1 agreed to serve as study site and clinical investigator, respectively, for a clinical trial (the "Study") initiated by the Sponsor.

During the course of the conspiracy, the Defendant was a registered nurse practitioner who was employed by the Company as a sub-investigator. As a sub-investigator, the Defendant worked under the direction of CC#1 and was responsible for conducting physical exams on

subjects, reviewing lab work and EKGs, and preparing case histories reflecting the participation of subjects in the Study. The Defendant knew that the Company and CC#1 had been retained to perform the Study honestly and accurately. The Defendant also knew that the FDA regulated clinical trials, and had the authority to inspect the Company's site and review medical records and other materials concerning the Study.

For purposes of obtaining money by means of materially false and fraudulent pretenses, representations, and promises, and impairing and impeding the FDA's legitimate function of regulating clinical trials, the Defendant and his co-conspirators fabricated medical records to portray persons as legitimate Study subjects when, in truth and in fact, those persons were not legitimate Study subjects. The Defendant and his co-conspirators falsified these records to make it appear that the Study subjects had, among other things, consented to participating in the Study, satisfied the Study's eligibility criteria, appeared for scheduled visits at the Company's site, taken Study drugs as required, and received checks as payment for site visits, when, in truth and in fact, and as the Defendant well knew, these things had not taken place.

For example, on or about February 16, 2015, the Defendant signed case history documentation for the Study, falsely representing that the Defendant had seen Study subject K.L. in person and performed a physical examination on K.L. as required by the Study protocol, including, among other things, examining K.L.'s general appearance, respiratory system, and cardiovascular system, when in fact, as the Defendant well knew, K.L. was not a Study subject and these representations were false.

Further, the Defendant knew that Study subjects were required to make daily phone calls to an "e-diary" system (a toll-free number maintained by a third party) and report their personal experience with the Study drug. The Defendant knew that, in furtherance of the conspiracy, one

or more of the Defendant's co-conspirators placed telephone calls to the e-diary system for purposes of reporting fabricated data on behalf of purportedly legitimate Study subjects.

The foregoing facts do not describe all the details of the scheme, or the Defendant's complete knowledge of the scheme, but are offered for the limited purpose of establishing a sufficient basis to support the Defendant's plea of guilty to the charge of conspiracy.

ARIANA FAJARDO ORSHAN
United States Attorney

GUSTAV W. EYLER
Director
U.S. Department of Justice
Consumer Protection Branch

Date: 8/6/19

By: CLINT NARVER
TRIAL ATTORNEY
U.S. DEPARMENT OF JUSTICE
CONSUMER PROTECTION BRANCH

Date: 9/15/2019         By: _____
                            LUIS FERNANDEZ
                            ATTORNEY FOR DEFENDANT

Date: 09\15\19          By: _____
                            EDUARDO NAVARRO
                            DEFENDANT